UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANDRE AGEE,

      Plaintiff,

v.

M-F-C ST. CLOUD D.O.C.,
BRUCE HEDGE, PATRICIA ORUD,
KIM EBELING, COLLIN M. GAY, and ERIK
SKON, et al.,

      Defendants.

Civil No. 05-1227 (JNE/JGL)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees," (Docket No. 4), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's application to proceed IFP be denied, and that this action be summarily dismissed without prejudice.

Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. He did not pay the $250.00 filing fee required by 28 U.S.C. § 1914, but instead filed his first application seeking leave to proceed IFP. (Docket No. 2.) The Court noted, however, that (i) Plaintiff's first IFP application was incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Both of Plaintiff's

omissions were called to his attention by this Court's order of June 29, 2005. (Docket No. 3.) That order gave Plaintiff twenty (20) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that includes the requisite certified trust account information, <u>and</u> (b) the initial partial filing fee prescribed by § 1915(b)(1). That order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with <u>both</u> of those requirements within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. On July 21, 2005, Plaintiff filed the Amended IFP Application that is now before the Court, (Docket No. 4), and that application does include the trust account information required by § 1915(a)(2). To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order. He has not tendered the initial partial filing fee prescribed by § 1915(b)(1), nor has he offered any explanation for his failure to pay the fee as required both by statute, and by this Court's prior order.[2]  Thus, Plaintiff has failed to comply with both of the requirements set forth in the Court's prior order within the time allowed.

Based on the Court's express warning regarding the consequences that would follow

---

[1] The Court's prior order stated: "Plaintiff will be required to submit <u>both</u> his amended IFP application, <u>and</u> his initial partial filing fee, within twenty (20) days after the date of this order. If he fails to do so, it will be recommended that the action be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)." (Order dated June 29, 2005, [Docket No. 3], [emphasis in the original order].)

[2] According to the trust account information appearing on Plaintiff's Amended IFP application, the amount of the average monthly deposits to his prison trust account during the past six months was $69.11, while the average monthly balance during the same period was $5.48. The initial partial filing fee required by § 1915(b)(1) is twenty percent (20%) of the greater of those two amounts. Therefore, the initial partial filing fee that Plaintiff should have paid in this case is $13.82, ($69.11 x 20% = $13.82.)

if Plaintiff failed to comply with both of the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice.  Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's Amended Application to Proceed Without Prepayment of Fees, (Docket No. 4), be **DENIED**; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: August 5, 2005

 s/ Jonathan Lebedoff
JONATHAN LEBEDOFF
Chief Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 24, 2005.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination

of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.